UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


HILLMAN LUMBER PRODUCTS, INC.          CIVIL ACTION NO. 06-1246

versus                                 JUDGE HICKS

WEBSTER MANUFACTURING, INC.,           MAGISTRATE JUDGE HORNSBY
ET AL.

## MEMORANDUM RULING

### Introduction

Before the court is **Hillman's Motion for Realignment of Parties (Doc. 13)**. As explained below, the court finds that it has subject matter jurisdiction over this dispute and that any procedural defects in the removal of the action to this court were waived when Defendants failed to file a timely motion to remand. Accordingly, the court finds that realignment of the parties is unnecessary, and Hill's motion should be denied as moot.

### Procedural History

This civil action began as a petition filed in state court in Webster Parish to make a Michigan judgment executory. Hillman Lumber Products, Inc. ("Hillman") alleged in its petition that it obtained a judgment in a Michigan state court for $236,000 plus in excess of $100,000 in attorney fees against Webster Manufacturing, Inc. d/b/a Morgan Saw ("Webster Manufacturing"). Hillman asked that the Louisiana court recognize the judgment and that the clerk of court issue a writ to the sheriff ordering the seizure and sale of the judgment debtor's assets.

About a month later, Ark-La-Tex Mill Supply, Inc. ("Mill Supply") filed a petition to intervene in the action and sought temporary and preliminary injunctive relief. Mill Supply alleged that Hillman had wrongfully seized assets that Mill Supply purchased from Webster Manufacturing by a bill of sale dated April 25, 2006 (the day after the Michigan judgment was signed) and that Hillman's wrongful seizure had resulted in damages to Mill Supply's business.

Hillman filed a notice of removal based on an assertion of diversity jurisdiction. Hillman is a Michigan corporation with its principal place of business in Michigan. It is diverse from the defendant/judgment debtor (Webster Manufacturing) which is alleged to be a Louisiana corporation with its principal place of business in Louisiana. Hillman is also diverse in citizenship from intervenor Mill Supply, which is also alleged to be a Louisiana corporation with its principal place of business in Louisiana. The amount in controversy exceeds $75,000.

**Request For Realignment**

Hillman alleges in paragraph 6 of its motion that it is "entitled to remove this action as its initiation of ancillary actions to collect its judgment permit it to seek realignment, as a defendant, for purposes of federal jurisdiction and specifically removal statutes." Beyond that statement, Hillman does not attempt to explain why realignment of the parties is necessary. However, the request for realignment is likely based on Hillman's awareness that "plaintiffs cannot remove, even when they are in the position of a defendant with regard to

a counterclaim asserted against them." 14C Wright, Miller & Cooper, <u>Federal Practice & Procedure: Jurisdiction 3d</u>, § 3731, p. 253 (1998).

Once a plaintiff chooses to file in state court, there is no authority for the plaintiff to remove to federal court even if the defendant asserts a counterclaim over which the federal courts would have jurisdiction. <u>Horton v. Nacogdoches ISD</u>, 81 F.Supp.2d 707 (E.D. Tex. 2000); <u>Roadway Package Systems, Inc. v. Rodgers Wade Mfg. Co., Inc.</u>, 1997 WL 160282 (N.D. Tex. 1997). The removal in this case was not triggered by a counterclaim asserted by the defendant, but the removal based on a claim asserted by an intervenor who is aligned with the defendant is analogous.

Hillman does not expressly acknowledge the rule that plaintiffs cannot remove, but it apparently seeks to invoke the related rule that federal law determines who is a plaintiff and who is a defendant for purposes of applying the removal statute. "[T]he federal court may realign the parties according to their real interests, as it can in a case originally instituted in a federal court, before deciding whether a true 'defendant' is seeking removal to federal court." Wright, Miller & Cooper, § 3731 at pp. 255-56. Realignment is sometimes used in complicated litigation to determine whether, despite the nominative position of the parties that might indicate a lack of diversity, there is an actual, substantial controversy between citizens of different states. The court may look beyond the pleadings and arrange the parties according to their sides in the dispute. <u>Zurn Industries, Inc. v. Acton Construction Co., Inc.</u>, 847 F.2d 234, 236 (5th Cir. 1988).

There is nothing in the record to suggest that the parties should be aligned in any fashion other than the posture in which they originally appeared in this action. Mill Supply and Webster Manufacturing are united in their support of the validity of the bill of sale that allegedly transferred the assets of Webster Manufacturing to Mill Supply. Hillman wants to seize and sell those assets. As they are currently aligned, there is diversity between Hillman and both of its adversaries. The underlying problem is the procedural rule that a plaintiff may not remove a case. If Hillman is realigned as a defendant, and if Webster Manufacturing and Mill Supply are realigned as plaintiffs, then perhaps Hillman's removal of the lawsuit to this court was proper. But it is not reasonable to consider Webster Manufacturing as a plaintiff; it is the judgment debtor. And If Webster Manufacturing is considered to be a defendant along with Hillman, then there would be no diversity of citizenship. Accordingly, realignment would not be appropriate.

**Waiver of Procedural Defect**

A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). No motion to remand has been filed in this case, and more than 30 days has passed since removal. The types of "defects" that must be raised within the 30 days include "any defect that does not go to the question of whether the case originally could have been brought in federal district court." Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1544 (5th Cir.

1991).[1] Thus, if a defendant removes despite a statutory provision that prohibits removal or does not comply with a rule such as the requirement that all properly served defendants join in the removal, a party who challenges the removal must file a motion to remand on those grounds within 30 days after the removal or he waives the objection. Only in the case of a lack of subject matter jurisdiction may an objection to removal be made after the 30 day limit. Any other objection is procedural and is waived after 30 days. Williams v. A C Spark Plugs, 985 F.2d 783, 787 (5th Cir. 1993); Denman by Denman v. Snapper, 131 F.3d 546, 548 (5th Cir. 1998). The procedural rule that only defendants may remove does not affect diversity or otherwise destroy subject matter jurisdiction, so any objection based on Hillman's removal of the case has been waived.

**Subject Matter Jurisdiction**

Thus, the question becomes whether this court would have subject matter jurisdiction over this civil action had it been filed in federal court. There is diversity of citizenship and more than $75,000 in controversy, but the question would be answered in the negative if one looked solely to the original petition filed in state court seeking to make executory the Michigan state court judgment. Federal courts are authorized by 28 U.S.C. § 1963 to register the judgment of certain other federal courts, but there is nothing in that statute that permits registration of state court judgments. Accordingly, federal courts have found that they lacked

---

[1] The district court is also without discretion, before or after the 30 day limit, to remand a case *sua sponte* because of reasons other than lack of subject matter jurisdiction. In re: Allstate, 8 F.3d 219, 223 (5th Cir. 1993).

subject matter jurisdiction to register and enforce a state court judgment.  McConico v. Miles,

2005 WL 2033436 (E.D. Mo. 2005) (concluding that the court "lacks subject matter

jurisdiction" to register and enforce an Alabama state court judgment); and Euro-American

Coal Trading, Inc. v. James Taylor Mining, Inc., 431 F.Supp.2d 705 (E.D. Ky. 2006) (court

found that "it does not have subject matter jurisdiction to register and enforce a state court

judgment" under Section 1963).  The proper procedure to enforce the Michigan judgment is,

as Plaintiff originally commenced, a proceeding to register its judgment in Louisiana under

the state's version of the Uniform Enforcement of Foreign Judgments Act and similar

legislation.  Euro-American, 431 F.Supp.2d at 709.

But Hillman is not, when one looks through the pleadings to the substance of the

matter, litigating in this court its petition to make the Michigan judgment executory.  That

has apparently been accomplished, considering that a writ was issued for seizure of property

based on the judgment.  (Hillman alleges in a related case that Judge Parker Self signed an

order on May 18, 2006 that made the Michigan judgment executory. See 06 CV 1204, Doc.

6, ¶ 14.) What Hillman is attempting to litigate in federal court is, rather,  Mill Supply's civil

action against Hillman for the tort of wrongful seizure.  Mill Supply seeks both injunctive

relief against the seizure of what it claims is its property and damages for alleged wrongful

business interruption, loss of profits and attorney fees.  If the Mill Supply petition had been

filed in federal court as a stand-alone civil action, there would be diversity jurisdiction over

it. Mill Supply chose instead to style its petition as one for intervention and to file it within

the existing state-court civil action commenced by Hillman to have Louisiana recognize the Michigan judgment. That substantively insignificant procedural choice, once the case has been removed to federal court and all procedural objections to removal waived, should not deprive the federal court of diversity jurisdiction over what is in all substantive aspects a tort case between citizens of different states. Hillman is not asking the federal court to register its judgment, a purpose that was apparently accomplished in the state court, so the aspect of this case over which the court would lack subject matter jurisdiction is no longer at issue.

**Conclusion**

After consideration of the factual and the substantive realities of Mill Supply's claim against Hillman, the undersigned finds that the court does have subject matter jurisdiction. In light of Defendants' waiver of the procedural objection to Hillman's removal of the action to federal court, realignment is unnecessary to preserve that jurisdiction. Accordingly, Hillman's **Motion for Realignment of Parties (Doc. 13)** is **denied as moot**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 14th day of September, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE